UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

MERRITT K. YOCHUM,

         Plaintiff,

    v.

LAKE COUNTRY POWER, JEFFREY
SHELDON, SHELDON MONSON, DAVE
ILLIES, and TONI D. HARVEY,

         Defendants.

Civil No. 08-1444 (DWF/JJK)

REPORT AND
RECOMMENDATION

---

This matter is before the undersigned United States Magistrate Judge on Plaintiff's pro se "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he is seeking leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1).   The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1.   For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.  BACKGROUND

Plaintiff alleges that in May 2007, he entered into a contract with Defendant Lake Country Power.   The terms of that contract allegedly required Defendant Lake Country Power to provide electricity service to certain property owned by Plaintiff.

Plaintiff further alleges that in November 2007, Defendants Dave Illies and

1

Sheldon Monson entered onto his property, without his permission, and conducted "an unauthorized inspection."

In April 2008, Defendant Toni D. Harvey, an employee of the State of Minnesota, allegedly issued an order pertaining to Plaintiff's property.  The order allegedly was directed to Defendant Jeffrey Sheldon, who is identified as a "manager" of Defendant Lake Country Power.  According to the complaint, Harvey's order directed that the electricity service to Plaintiff's property be disconnected.  Shortly thereafter, Defendant Lake Country Power allegedly terminated the electricity service to Plaintiff's property, (presumably based on the order allegedly issued by Defendant Harvey).

Plaintiff is now attempting to sue the named Defendants for various common law claims, and for alleged violations of his federal constitutional rights.  He is seeking a judgment that would require Lake Country Power to restore electricity service to his property, and prohibit any further termination of such service in the future.  He is also seeking a judgment for money damages and "sanctions" against the named Defendants.

## II. DISCUSSION

An IFP application will be denied, and the action dismissed, when a plaintiff has filed a pleading that fails to state a cause of action on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996).  Here, the Court finds that Plaintiff's complaint fails to state any actionable claim for relief against any of the named Defendants, which can be entertained in federal court.

Plaintiff is attempting to sue Defendants Illies and Monson under 18 U.S.C. §§

241 and 242. However, those are <u>criminal</u> statutes, which cannot provide the basis for any private cause of action against the named Defendants. See <u>United States v. Wadena</u>, 152 F.3d 831, 846 (8th Cir. 1998) ("Courts repeatedly have held that there is no private right of action under § 241"), <u>cert</u>. <u>denied</u> 526 U.S. 1050 (1999). <u>See also</u> <u>Newcomb v. Ingle</u>, 827 F.2d 675, 677, n. 1 (10th Cir. 1987) (<u>per curiam</u>) ("Section 241 is a criminal statute prohibiting acts of conspiracy against the rights of citizens, and it does not provide for a private civil cause of action"); <u>Cok v. Cosentino</u>, 876 F.2d 1, 2 (1st Cir. 1989) (<u>per curiam</u>) ("Only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242"); <u>Lang v. Quinlan</u>, No. 92-1435 (5th Cir. 1993) 1993 WL 129675 (<u>per curiam</u>) (unpublished opinion), at *4 ("Section 241, which criminalizes conspiracies to deprive a person of 'any right or privilege secured to him by the Constitution or laws of the United States,' does not give rise to a private cause of action").

Plaintiff also claims that Defendants Illies and Monson violated the Fourth and Fifth Amendments to the Constitution by entering onto his property without his permission. A civil cause of action based on an alleged violation of a constitutional right can be brought under 42 U.S.C. § 1983. To bring such a claim, however, the plaintiff must allege, (and ultimately prove), that the defendant violated the Constitution while acting under color of state law. See <u>Hart v. City of Little Rock</u>, 432 F.3d 801, 804 (8th Cir. 2005) (to state an  actionable Section 1983 civil rights claim, a plaintiff must show "'(1) [a] violation of a constitutional right, (2) committed by a state actor, (3) who acted with the requisite culpability and causation to violate the constitutional right'"), <u>cert</u>. <u>denied</u>, 547 U.S. 1207 (2006), quoting <u>Kuha v. City of Minnetonka</u>, 365 F.3d 590, 606

(8th Cir. 2003), quoting, in turn, <u>Shrum v. Kluck</u>, 249 F.3d 773, 777 (8th Cir. 2001).  <u>See also</u> <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988) (to state a cause of action under 42 U.S.C. § 1983, the plaintiff must allege facts showing that the named defendants violated his constitutional rights while acting under color of state law).

In this case, there are no allegations suggesting that Defendants Illies and Monson were acting under color of state law when they allegedly trespassed on Plaintiff's property.  Therefore, Plaintiff has failed to plead an actionable § 1983 claim against those two Defendants for allegedly violating his federal constitutional rights. <u>See</u> <u>Martin v. Aubuchon</u>, 623 F.2d 1282, 1286 (8th Cir. 1980) (while Federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"); <u>see</u> <u>also</u>, <u>Stone v. Harry</u>, 364 F.3d 912, 915 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

Furthermore, even if Defendants Illies and Monson were "state actors," who could be sued for violating Plaintiff's federal constitutional rights, the current complaint does not allege facts showing that those Defendants did anything that violated Plaintiff's Fourth or Fifth Amendment rights.  The complaint alleges only that Defendants entered onto Plaintiff's property without his permission.   Plaintiff may believe that he has presented an actionable Fourth Amendment claim simply because he has alleged that Defendants Illies and Monson trespassed on his property.  However, that allegation alone, even if proven true at trial, would not be sufficient to show a violation of Plaintiff's

Fourth Amendment rights.  See Oliver v. United States, 466 U.S. 170, 181 (1984) ("[t]he law of trespass, however, forbids intrusions upon land that the Fourth Amendment would not proscribe").  Furthermore, Plaintiff has not identified, (and the Court cannot independently discern), any possible basis for his claim that Illies and Monson violated his rights under the Fifth Amendment.

Plaintiff also contends that Defendant Harvey violated "the Separation of Powers Doctrine of the United States Constitution," by allegedly issuing an order that allegedly caused the disconnection of the electricity service at Plaintiff's property.  Evidently, Plaintiff believes that Harvey, an administrative official serving in the executive branch of the state government, could not constitutionally issue an "order," because the authority to issue orders belongs solely to the judicial branch of the state government.  This claim clearly cannot be based on the federal Constitution, because the "Separation of Powers Doctrine," established by the first three articles of the federal Constitution, applies only to the federal government.  Those three articles only outline the powers and limitations of the three branches of the federal government; they do not dictate how states should allocate their own various governmental powers and responsibilities.

Plaintiff further claims that Defendant Harvey's alleged order violates Article I, Section 10, of the federal Constitution, because the alleged order purportedly was based on a state statute that interfered with a contractual relationship between Plaintiff and Lake Country Power.  The complaint refers to the clause in Article I, Section 10, which provides that "No State shall... pass any... Law impairing the Obligation of Contracts."  However, this clause only prohibits states from passing a new law that

impairs contracts that existed <u>before</u> the enactment of the new law.  <u>Equipment Mfrs.</u> <u>Institute v. Janklow</u>, 300 F.3d 842, 850 (8th Cir. 2002) ("[t]he first inquiry is whether the state law has, in fact, operated as a substantial impairment on <u>pre-existing</u> contractual relationships") (emphasis added).

In this case, Plaintiff alleges that he entered into a contract with Lake Country Power in May 2007.  There are no allegations suggesting that the state law at issue in this matter, (i.e., the law that allegedly authorized the order allegedly issued by Defendant Harvey), was enacted after he entered into a contractual relationship with Lake Country Power in May 2007.  Therefore, the allegations in Plaintiff's complaint do not support any claim based on Article I, Section 10, of the Constitution.

In sum, the Court finds that the allegations in Plaintiff's complaint do not support any cause of action based on federal law or the federal Constitution.  The Court recognizes that Plaintiff is also attempting to bring various common law claims against Defendants for trespass and breach of contract.  However, there is no original federal subject matter jurisdiction over those claims, because they are not based on federal law or the Constitution.  <u>See</u> 28 U.S.C. § 1331.[1]

If Plaintiff had pleaded an actionable federal claim, then his state common law claims could be entertained under the federal supplemental jurisdiction statute – 28 U.S.C. § 1367.  However, the absence of an actionable federal claim effectively

_____

[1] Federal subject matter jurisdiction over Plaintiff's state common law claims cannot be based on the "diversity of citizenship" statute, 28 U.S.C. § 1332, because Plaintiff's complaint indicates that all of the parties in this case, (Plaintiff and all of the Defendants), are Minnesota residents.

precludes the Court from exercising supplemental jurisdiction over Plaintiff's state law claims.  See  Stokes v. Lokken, 644 F.2d 779, 785 (8th Cir. 1981) ("when federal claims are dismissed before trial, the normal practice is to dismiss pendent [state law] claims"); Johnson v. City of Shorewood, Minnesota, 360 F.3d 810, 819 (8th Cir.) ("[t]he Supreme Court has noted that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine ... will point toward declining to exercise jurisdiction over the remaining state-law claims'"), cert. denied, 543 U.S. 810 (2004), quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7 (1988); see also Thomas v. Dickel, 213 F.3d 1023, 1026 (8th Cir.) ("federal courts should 'exercise judicial restraint and avoid state law issues wherever possible'"), cert. denied, 531 U.S. 1013 (2000), quoting Condor Corp. v. City of St. Paul, 912 F.2d 215, 220 (8th Cir.1990).

In this case, (as in most cases), a federal district court would not be the most suitable forum for adjudicating Plaintiff's state law claims.  See Condor Corp., 912 F.2d at 220 (stressing "the need to exercise judicial restraint and avoid state law issues wherever possible").   Therefore, supplemental jurisdiction should not be exercised in this case.[2]

## III.  CONCLUSION

For the reasons discussed above, the Court concludes that Plaintiff's complaint

---

[2]   The Court offers no opinion as to the potential viability of any claims that Plaintiff might be attempting to bring under state law; and the dismissal of this action will not, by itself, bar Plaintiff from attempting to bring those claims in state court.

fails to state a cause of action against the named Defendants that can properly be addressed in federal court. Based on that determination, it is recommended that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to § 1915(e)(2)(B)(ii). Having determined that this action should be summarily dismissed, the Court will further recommend that Plaintiff's "Ex Party [sic] Application For Oreder [sic] Shortening Time," (Docket No. 3), be summarily denied.

## IV. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be DENIED;

2. Plaintiff's "Ex Party [sic] Application For Oreder [sic] Shortening Time," (Docket No. 3), be DENIED; and

3. This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: June 18, 2008

*s/ Jeffrey J. Keyes*

Hon. Jeffrey J. Keyes
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by July 3, 2008, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party

may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.